**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ALBERTA ROSE JONES**                                                 **PLAINTIFF**

**v.**                              **4:11CV00256**

**ELI LILLY, et al.**                                                   **DEFENDANTS**

<u>ORDER</u>

Now on this 23rd day of August, 2011, this case comes on for consideration and the Court, being well and sufficiently advised, finds and orders as follows.

1.   Plaintiff, Alberta Rose Jones ("Jones"), who is appearing *pro se,* brings this action for declaratory relief, damages -- compensatory and punitive -- and attorneys fees and costs.[1]  (Docs. #1, #6, #103)  She filed this action alleging twenty-five (25) claims, including:

* alleged violations of the First Amendment (Count I);

* alleged violations of 42 U.S.C. § 1983 (Counts II, V, VI);

* alleged violations of 18 U.S.C. § 241 (Count III);

* alleged violations of 42 U.S.C. § 12131(2) and Section 504 of the Rehabilitation Act of 1973 (Count VII);

* alleged violations of the Uniform Criminal Extradition Act (Count VIII);

---

[1]  Plaintiff, as next friend of Ryan Garrett Jones, also filed a habeas corpus action in the Eastern District of Arkansas, Case No. 4:11CV00223, based on the same facts.  By an order and judgment entered on July 25, 2011, Judge Wright denied the habeas petition and dismissed the case.

* alleged violations of the Supremacy Clause of the United States Constitution (Count IX);

* alleged violations of the Eighth Amendment (Count X);

* alleged violations of Article IV of the U.S. Constitution related to extradition of fugitives (Count XI);

* alleged violations of A.C.A § 16-94-201 (Count XII);

* alleged violations of California Propositions 63 and 36 (Count XIII);

* alleged violations of Public Laws 108-414, 106-515 and 42 U.S.C. § 3711 (Count XIV);

* alleged violations of California mental health courts (Count XV);

* alleged violations of the precepts of <u>Bivens v. Six Unknown Agents</u> (Count XVI);

* alleged violations of 18 U.S.C. § 1962 (Count XVII);

* alleged violations of 5 U.S.C. § 552 (Count XVIII);

* alleged violations of 18 U.S.C. §§ 1341-1351 (Count XIX);

* alleged violations of California Code Section 845.6 (Count XX);

* alleged violations of California Civil Code § 51 (Count XXI);

* alleged violations of the California Public Records Act (Count XXII);

* alleged violations of the Arkansas Public Records Act (Count XXIII);

* negligence (Count XXIV); and

* medical negligence (Count XXV).

2.   All of the District Judges in the Eastern District of Arkansas recused in this matter.  On August 1, 2011, the case was reassigned to the undersigned.

3.   Pending before the Court are several motions to dismiss and/or for summary judgment as well as Jones's motion to stay these proceedings.  For reasons that follow, all pending motions (Docs. ## 8, 12, 25, 56, 65, 77, 109, 120, 124, 126, 131 and 132) will be denied as moot and the case will be dismissed in its entirety for lack of standing to sue under Article III.

## I.  Background

4.   According to Jones, she and her son, Ryan Jones, were traveling from California through Arkansas on their way to Tennessee on February 20, 2011, when they were "illegally pulled over" by an unmarked car driven by Detective Randy Couch from the Lonoke County Sheriff's Department.  (Doc. # 1, Complaint, at 48) In support of her contentions, Jones alleges:

*   that, during the stop (which Jones does not believe was random), Detective Couch asked for Ryan's driver's license, which he provided;

*   that the detective performed a National Crime Information Center (NCIC) check on both Jones and her son.  NCIC showed a bench warrant for Ryan's arrest, issued by the Superior Court of California, County of Santa Clara.  Id. at 55-56;

\*    that Detective Couch arrested Ryan and booked him into the Lonoke County Detention Center, where Ryan later signed an extradition waiver that his mother claims was "invalid."  Id. at 56-57;

\*    that Jones subsequently tried to file a writ of habeas corpus in the Lonoke Circuit Court, which was refused.  Id. at 103;

\*    that the Law Office of John Wesley Hall was later retained to represent Ryan and, on his behalf, filed a state habeas corpus action in Lonoke County trying to prevent Ryan's extradition back to California;

\*    that on March 3, 2011, the Lonoke County Circuit Court conducted a hearing on the petition, and on March 7, 2011, entered an Order denying the petition.  Jones v. Sheriff of Lonoke County, Case No. CR 2011-118 (Lonoke Co. Cir. Ct. Mar. 7, 2011) (Doc. #25-1, at 17);

\*    that, while her son was incarcerated at the Lonoke County Detention Center, he was denied medical treatment;

\*    that, after her son was transferred to the custody of the Santa Clara Department of Corrections in California, he was denied visitation with his father; and

\*    that her son is being forcibly treated with anti-psychotic medications that he does not need and that such medications are causing him physical harm.

4

5.    On March 21, 2011, Jones initiated this action.  (Doc. #1, Complaint).  She filed a First Amended Complaint on March 30, 2011, Doc. #6, and a Second Amended Complaint on June 15, 2011, Doc. #103.  The Complaint, which consists of 144 pages, contains twenty-five (25) claims against more than 185 different named defendants and thirty (30) John Doe defendants.

## II.  Discussion

6.    No party has raised the issue of whether Jones has standing to bring this action, but the Court cannot consider the parties' arguments as to whether the complaint states a cause of action until it has determined whether Jones has standing to recover.  See Huggins v. FedEx Ground Package Sys.,Inc., 566 F.3d 771, 773 (8th Cir. 2009) (sua sponte consideration of jurisdictional issues); Jewell v. United States, 548 F.3d 1168, 1172 (8th Cir. 2008) (plaintiff must establish subject matter jurisdiction, for which standing is prerequisite; standing requires "injury in fact," i.e., actual or imminent concrete and particularized invasion to legally protected interest; injury must be fairly traceable to challenged action of defendant and redressable by favorable decision); see also Frey v. City of Herculaneum, 44 F.3d 667, 670-71 (8th Cir. 1995) (citing Landrum v. Moats, 576 F.2d 1320, 1323 n. 2 (8th Cir.) (standing is an element of the Article III case or controversy requirement and must be

considered as a threshold matter), *cert. denied,* 439 U.S. 912, 58

L. Ed 2d 258, 99 S. Ct. 282 (1978)).

>      Standing is 'the threshold question in every federal
> case....' Federal court jurisdiction is 'defined and limited
> by Article III of the Constitution ... [and] is
> constitutionally restricted to "cases" and "controversies."'
> A case or controversy exists only if a plaintiff 'personally
> has suffered some actual or threatened injury as a result of
> the putatively illegal conduct of the defendant.'  If a
> plaintiff has not suffered an injury, there is no standing and
> the court is without jurisdiction to consider the action.

Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000) (internal

citations omitted).

In civil rights litigation, one cannot sue over the

deprivation of another's civil rights.  Mosher v. Beirne, 237 F.

Supp. 684, 687 (E.D. Mo. 1964) (citing McCabe v. Atchison, Topeka,

& Sante Fe Railway Co., 235 U.S. 151 (1914); State of Missouri ex

rel. Gaines v. Canada, 305 U.S. 337 (1938); Brown v. Board of

Trustees of LaGrange Independent Sch. Dist., 187 F.2d 20 (5th Cir.

1951)).

Jones's complaint relates entirely to alleged

actions/conspiracies of the named Defendants as to their conduct

related to her son.  Jones claims a "loss of consortium" by these

individuals and entities "whose objective was to deprive [her] of

her familial companionship with her son, Ryan Garrett Jones, and to

take care of him as a 'mother.'"  (Doc. #103, Second Amended

Complaint, at 8).

Based upon the materials before the Court, it appears that

Jones's son, Ryan Garrett Jones, is not a minor and, thus, Jones

lacks standing to state claims based upon the alleged violations of

his constitutionally protected rights.  See Clark v. Lutcher, 436 F. Supp. 1266 (M.D. Pa. 1977) (traditional rule that section 1983 litigants lack standing when they raise claim of violation of constitutional rights of third party is to be relaxed where parents are alleging that they have suffered financial loss as a result of violation of constitutional rights of minor son).  Moreover, there is no absolute constitutionally protected right to enjoy the companionship of one's family members free from all encroachment by the State.  See Soto v. Flores, 103 F.3d 1056, 1062 (1st Cir. 1997); see also Doe A v. Special Sch. Dist. of St. Louis County, 637 F. Supp. 1138, 1146 (E.D. Mo. 1986) (while parents have a fundamental liberty interest in the care, custody, and companionship with their children, an isolated action against a family member does not deprive one of a constitutionally protected interest).

7.  Even accepting as true all the facts pled by Jones and granting her the benefit of all reasonable inferences therefrom, the record does not reflect any cognizable injury to her that is distinct from any alleged harm suffered by her son.[2]  Accordingly, this action must be dismissed in its entirety as against all Defendants.

---

[2] Other grounds for dismissal are cognizable in this instance; however, because standing is a threshold matter, the discussion was so limited.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that:

1.   All pending motions (Docs. ## 8, 12, 25, 56, 65, 77, 109, 120, 124, 126, 131 and 132) are **denied as moot.**

2.   This action is **dismissed with prejudice for lack of standing.**

   **IT IS SO ORDERED.**

                    /s/ Jimm Larry Hendren
                    **JIMM LARRY HENDREN**
                    **UNITED STATES DISTRICT JUDGE**